UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>KRISTA FRANCES SELIG,<br><br>Debtor.<br><br>--------<br><br>JP MORGAN CHASE BANK, NA<br><br>Plaintiff,<br><br>vs.<br><br>KRISTA FRANCIS SELIG,<br><br>Defendant. | Case No.: 8-17-70042-REG<br>Chapter 7<br><br><br><br>Adversary Proceeding No.: 8-17-08107-REG |

**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON BEHALF OF PLAINTIFF, JP MORGAN CHASE BANK, NA**

                                                                SHAIN SCHAFFER PC
                                                                150 MORRISTOWN ROAD – SUITE 105
                                                                BERNARDSVILLE, NEW JERSEY 07924
                                                                PHONE: (908) 953-9300 FAX: (908) 953-2969
                                                                Attorneys for Plaintiff,
                                                                JP Morgan Chase Bank, NA

Of Counsel:
    Marguerite M. Schaffer, Esq.

On the Brief:
    Jose Rivera-Benitez, Esq. Pro Hac Vice

## STATEMENT OF FACTS

Convicted criminals cannot escape financial responsibility arising from their criminal conduct by seeking refuge under the Bankruptcy Act. It does not forgive debts from criminal conduct, and specifically provides exclusion from bankruptcy protection for acts of fraud, intentional harm to another's property, and larceny. Here, the debt adjudicated against Krista Selig is not dischargeable in bankruptcy due to her criminal conviction for participation in a fraudulent scheme against JPMorgan Chase Bank N.A. ("Chase").

Krista Selig was counsel to Hawthorne Capital Corp. – a fiduciary capacity – when Hawthorne Capital Corp., Hawthorne Abstract, Frederick Tropeano, Silvano Tropeano, and John Kosta (collectively "Hawthorne defendants") conspired to commit a fraud upon Chase. As the criminal indictment against them and Krista Selig sets forth, the fraud was perpetrated by them processing residential real estate refinances which Chase funded. Instead of paying off the existing mortgages, they diverted the funds to their own pockets. Once caught, arrested and indicted, Krista Selig pled guilty to one count of conspiracy to commit fraud. Her criminal conviction is final, as are the convictions of the co-conspirators.

Chase instituted a civil suit in the Monmouth County New Jersey Superior Court to recover losses it had suffered at the hands of the Hawthorne defendants. That action concluded with a default judgment entered against the Hawthorne defendants in the base amount of $2,684,682.79 and an award for treble damages pursuant to the New Jersey Civil RICO statute, resulting in a damage award of $8,054,048.10. Liability was premised upon the criminal convictions of all the defendants including Krista Selig. The damage award was based upon the books and records maintained by Chase of the mortgage funds lost in the fraud. The judgment remains undisturbed.

Krista Selig filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code. The Code also provides for creditors to seek exceptions to dischargeability through an Adversary Complaint. Chase filed an Adversary Complaint to exclude the damage award from the discharge in bankruptcy sought by Krista Selig. The Adversary Complaint asserts that the damages award constitutes a debt that is not dischargeable because the debt arose from fraudulent conduct to which she was complicit and from the criminal charges to which she pled guilty. Her criminal conviction preempts the debt from discharge in her bankruptcy petition.

## SUMMARY JUDGMENT STANDARD

Summary Judgment is appropriate where "…there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). Once the Movant shows "...the absence of a genuine issue of material fact…" then, the burden is on the non-moving party to set forth specific facts raising a genuine issue of fact for trial. <u>United States ex. rel. Romano v. New York Presbyterian</u>, 426 F. Supp. 2d 174, 177 (S.D.N.Y. 2006); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-324 (1986). In the absence of any genuine issue of material fact, summary judgment is appropriate.

# ARGUMENT

## POINT I

### MONIES DUE TO CHASE FROM THE STATE COURT JUDGMENT AGAINST DEBTOR KRISTA SELIG REPRESENT A NON-DISCHARGEABLE DEBT UNDER THE BANKRUPTCY CODE.

**A. The state court judgment is a non-dischargeable debt under 11 U.S.C. § 523(a) (2) (A).**

The criminal conviction of Krista Selig for her complicity in the fraud perpetrated against Chase is indisputable and precludes dischargeability of the debt reflected in the New Jersey civil judgment against her. Her guilty plea to conspiracy to commit theft satisfies the statutory criteria for non-dischargeability of a debt that is obtained by false pretenses, false representation or actual fraud.

Bankruptcy Code Section 523 provides for exceptions to discharge. It states, in pertinent part, that "[A] discharge under Section 727.... of this title does not discharge an individual debtor from any debt... (2) for money...obtained by... (A) false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523 (2)(A). The debt owed by Krista Selig arises from the judgment entered by the Honorable Jamie S. Perri, of the Monmouth County New Jersey Superior Court in the base amount of $2,684,682.79. The judgment includes treble damages of the base amount for a total of $8,054,048.10, plus interest and attorney fees. That judgment was entered on the action by Chase to recover losses it sustained as a result of the criminal acts by the Hawthorne defendants with the assistance of Krista Selig.

Krista Selig was a practicing attorney of the State of New York at the time of the fraudulent transactions generated by the Hawthorne defendants. She was involved as attorney to

3

Hawthorne Capital Corp. in numerous transactions upon which the indictment and convictions were based. Thus, her criminal conviction for the fraud perpetrated upon Chase disqualifies the debt owed in the civil judgment predicated on that conviction for discharge in bankruptcy.

The debt here is not dischargeable under Section 727 of the Bankruptcy Code because it is a monetary debt obtained through the fraudulent machinations of the Hawthorne defendants, of which she was admittedly an intricate part. Her conviction establishes her criminal involvement in the financial fraud from which scheme she personally reaped financial gain. Moreover, she admitted that guilt through her plea. Significantly, in her answer to the Adversary Complaint, Krista Selig admits she obtained financial benefit from the fraud. Her sole contention on that point is that she only garnered a $75,000.00 benefit and hence should not be held accountable for the entire state court judgment. That proposition is contrary to prevailing jurisprudence.

A debt procured by false pretense, false representation or actual fraud is not dischargeable in bankruptcy, nor is a treble damage award that results from the same fraudulent acts. In <u>Cohen v. De La Cruz, et. al.</u>, 523 U.S. 213 (1986) ("<u>Cohen</u>"), the Supreme Court held that the discharge exception for debt arising from fraud included treble damages assessed under state law. Justice O'Connor, writing for the Court, opined that the non-dischargeable debt is not limited to the value of money that the debtor obtained through fraud, but extends to the entire civil judgment. <u>Id.</u>at 214-215. The Court also dismissed the notion that application of the exception to discharge would favor the interest of giving perpetrators a fresh start over the interest in protecting victims, finding that such results apply only to innocent parties. Id. at 217. This precept in Cohen was followed more recently in <u>In Re Lawson,</u> 791 F. 3d 214 (2015) at 222, by the First Circuit Court of Appeals, stating that [Section] 523(a)(2) continues to protect only an honest but unfortunate debtor. The fresh start bankruptcy code protection of debtors does

not extend to dishonest guilty parties. Thus, where the debtor has been criminally convicted, as here, the general rule in bankruptcy to provide the debtor with a fresh start is inapplicable.

Ms. Selig's contention to the contrary is specious, and should be disregarded. Ms. Selig asserts in her answer to the Adversary Complaint that the decision in In Re Treadwell, 423 B. R. 309 (2010), provides the basis for this Court to allow the discharge of her debt to Chase. That decision, however, is inapposite. The Treadwell debtors were not convicted of a crime. Although the Treadwell court observed that "[I]t is highly unusual to hold a debt nondischargeable under 11 U.S.C. § 523(a) (2) where the debtor is only vicariously liable and has not participated in the fraud," Ms. Selig is not an innocent party, but a convicted felon who actively participated in the fraud. Treadwell is thus irrelevant to this matter, the facts of which more closely mirror Cohen.

### B. The state court judgment is a non-dischargeable debt under 11 U.S.C. § 523(a) (4).

Bankruptcy Code § 523 (a) (4) provides, in relevant part, that "[A] discharge under section 727… of this title does not discharge an individual debtor from any debt … (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny…" The fact that the debtor pled guilty to conspiracy to commit theft in connection with the fraudulent enterprise conducted by the Hawthorne criminal defendants with her assistance, clearly forecloses discharge. Her answer to the Adversary Complaint admits she was an attorney at law in the State of New York and was acting in a fiduciary capacity for Hawthorne Capital and, likewise, for the criminal enterprise they pursued. The debt owed to plaintiff is non-dischargeable as it is a debt arising from fraud or defalcation while acting in a fiduciary capacity, or larceny, i.e. theft. The debtor's guilty plea for conspiracy to commit theft, and admission to having received financial benefit from those illicit acts, is sufficient evidence to sustain a finding that the debt is non-dischargeable.

Ms. Selig was convicted of conspiracy to commit theft based on her guilty plea. That conviction emanates from her involvement in the fraudulent scheme orchestrated against Chase. She admits that she was an attorney at law of the State of New York, that she had an amorous personal relationship with co-defendant Frederick Tropeano who engineered the fraud through Hawthorne Capital, and that she had engaged in an attorney / client relationship with Tropeano and the other Hawthorne conspirators. Selig Answer Exhibit A at pages 13-15. All appeals on her criminal conviction have expired. The propriety of the conviction is thus unassailable.

On the basis of the criminal convictions of the Hawthorne conspirators, including that of debtor, Chase pursued an action to recoup its losses and obtained a judgment against the Hawthorne Defendants. The convictions of the several Hawthorne defendants formed the basis for their liability. Damages of $2,684,682.79 were proven and awarded to Chase by a Court of competent Jurisdiction against Hawthorne Capital Crop., Hawthorne Abstract Corp., Silvano Tropeano, John Kosta, Krista Selig and the Selig Law Group, P.C. Judge Jamie S. Perri, J.S.C. also awarded treble damages under the New Jersey Civil RICO statute, N.J.S.A. 2C: 41-4 (c). The debtor's admitted larcenous conduct while acting as an attorney provides irrefutable proof that § 523 (a)(4) precludes discharge of the debt arising from the civil judgment. See Giaimo v. Detrano, 266 B.R. 282 (E.D.N.Y., 2001) (preponderance of evidence of fraudulent conduct sufficient to prevent debt from discharge).

C. **The state court judgment is a non-dischargeable debt under 11 U.S.C. § 523(a) (6).**

Bankruptcy Code § 523 (a) (6) provides in relevant part, that "[A] discharge under section 727… of this title does not discharge an individual debtor from any debt…(6) or willful and malicious injury by the debtor to another entity or the property of another entity…" By their nature, criminal convictions are premised upon ill will and malice to satisfy the scienter

6

requirements. A guilty plea is an admission of these fundamental elements. See <u>Hough v. Margulies</u>, 541 B.R. 156 (S.D.N.Y. 2015) (where debtor's admission through guilty plea to the substance of offensive conduct was held sufficient to satisfy the willfulness required for 11 <u>U.S.C.</u> § 523 (a)(6) to disqualify the debt from discharge in bankruptcy.) Through her conduct Ms. Selig caused substantial economic harm to Chase and the innocent borrowers whose refinance funds were diverted to her personal use and that of her co-conspirators. Indeed, the debtor admits receipt of funds generated by the fraud. Selig Answer at ¶ 12. The economic harm to Chase at the hands of the Hawthorne defendants, including Ms. Selig is patently willful and malicious. Therefore, the debt resulting from the offending acts cannot be discharged.

## POINT II

### THE CIVIL COURT JUDGMENT CLEARLY ESTABLISHES DEBTOR'S LIABILITY AND DAMAGES

The proofs on which the civil court judgment by Judge Perri rests are irrefutable, and thus, no legitimate question of fact exists to prevent the court from granting summary judgment.

First, Ms. Selig cannot contest her criminal conviction. All appeal rights have been exhausted or expired. She cannot therefore, reasonably contest her culpability in the fraud against Chase. Her conviction is final.

Likewise, she cannot reasonably contest the amount of damages proven by Chase before Judge Perri. The amount of base damages represents the actual losses suffered by Chase and recorded on its books. See Certification of Counsel ***Exhibit F***. The treble damage award is a by-

product of the underlying criminality of the Hawthorne Defendants and appropriate under the New Jersey RICO statute, N.J.S.A. 2C:41-4 (c). See Judge Perri Order and Rider thereto, see Certification of Counsel *Exhibit G*. Under Cohen, supra, the Debtor is as responsible for the treble damages as for the damages awarded.

## CONCLUSION

For the foregoing reasons, the Chase's Judgment against the Debtor is non-dischargeable pursuant to 11 U.S.C. §§ 523 (a)(2)(A), 523 (a)(4), and 523 (a)(6). Therefore, summary judgment is appropriate.

Dated: 7/3/17

Respectfully submitted,

SHAIN SCHAFFER, P.C.
Attorneys for Creditor JPMorgan Chase Bank, N.A.

By: _____
Jose Rivera-Benitez, Esq., Pro Hac Vice